

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-15-54

| | | |
|---|---|---|
| HARRY CUMMINGS | | **Opinion Delivered** SEPTEMBER 30, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. DR-2010-111-2] |
| V. | | |
| | | HONORABLE J.W. LOONEY, JUDGE |
| REBEKAH A. CUMMINGS | | |
| | APPELLEE | REBRIEFING ORDERED |

---

**ROBERT J. GLADWIN, Chief Judge**

This appeal comes to us after protracted domestic-relations litigation between Rebekah and Harry Cummings. Mr. Cummings brings this appeal to challenge the trial court's contempt finding against him and its alimony award. We do not reach the merits of this appeal and, instead, order rebriefing because of both parties' failure to comply with the requirements of Administrative Order No. 19.

Administrative Order No. 19 pertains to access to court records, and Arkansas Supreme Court Rule 4-1(d) (2014) requires compliance with its protective requirements for confidential information. Section VII(A) of Administrative Order No. 19 details the information to be excluded from public access and confidential absent a court order to the contrary. The information excluded from public access pursuant to Administrative Order No. 19 includes Social Security numbers and account numbers of specific assets, liabilities,

SLIP OPINION

accounts, credit cards, and personal identification numbers. Ark. Sup. Ct. Admin. Order No. 19 (VII)(A)(4) & (5).

Both parties indicated in their informational statements that this appeal does not involve confidential information as defined by section (III)(A)(11) and (VII)(A) of Administrative Order No. 19. However, our review indicates otherwise. We identified numerous instances in which the parties' Social Security numbers and bank account numbers were provided and subject to public access in contradiction to the purpose and requirements of Administrative Order No. 19 and Arkansas Supreme Court Rule 4–1(d). With the benefit of technological advances, this deficiency is particularly egregious. Our court records are now available online. Absent redaction or the filing of a case under seal, these records are easily accessible by members of the public. Counsels' inclusion of Social Security numbers and bank account numbers created the potential for abuse of their clients' confidential information. This deficiency must be cured; therefore, we order rebriefing.

WHITEAKER and HOOFMAN, JJ., agree.

*Orvin W. Foster*, for appellant.

*The Troutt Law Firm*, by: *R. Scott Troutt*, for appellee.