
SLIP OPINION

# ARKANSAS COURT OF APPEALS

EN BANC
**No.** CV–15–168

| | |
|---|---|
| | **Opinion Delivered** December 16, 2015 |
| LIBERTY BANK OF ARKANSAS, AS TRUSTEE OF THE VERNON E. ARNOLD REVOCABLE TRUST<br>APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. CV-2013-201] |
| V. | HONORABLE WILLIAM M. PEARSON, JUDGE |
| CLYDE E. BYRD, JR., EXECUTOR OF THE ESTATE OF ARDELLIA D. BYRD ARNOLD, DECEASED<br>APPELLEE | REBRIEFING ORDERED |

## PER CURIAM

Liberty Bank of Arkansas (the bank), as trustee of the Vernon E. Arnold Revocable Trust (the trust), appeals from the order of the Pope County Circuit Court imposing a constructive trust on the trust's assets in favor of appellee Clyde Byrd. Byrd cross-appeals from the circuit court's award of attorney's fees to the bank from assets subject to the constructive trust. We do not reach the merits of the appeal and, instead, order rebriefing because of both parties' lack of compliance with Administrative Order No. 19.

Administrative Order No. 19 pertains to access to court records, and Arkansas Supreme Court Rule 4-1(d) requires compliance with its protective requirements for confidential information. Section VII(A) of Administrative Order No. 19 details the information to be excluded from public access and deemed confidential absent a court order to the contrary. Such information includes Social Security numbers and account numbers of specific assets, liabilities, accounts, credit cards, and personal identification numbers. Ark. Sup. Ct. Admin. Order No. 19 (VII)(A)(4) & (5).

Both parties indicated in their informational statements that this appeal involves confidential information as defined by section (III)(A)(11) and (VII)(A) of Administrative Order No. 19. Further, both parties certified that they have complied with Administrative Order No. 19. However, there are several instances where full bank account numbers and Social Security numbers are not redacted. For example, there is one exhibit that consists of unredacted bank statements over a period of several years. There are several tax returns included in the addendum. Most have the parties' Social Security numbers redacted; however, there are at least two sets that are not redacted. Also, the circuit court's final order, as well as an amendatory order, sets out full account numbers. Byrd's brief on cross-appeal contains a twenty-five page summary of transactions. Although the account number is redacted at the top of each page, some of the transactions reference Edward Jones accounts with the account number not redacted.

We recently ordered rebriefing in a similar situation. *Cummings v. Cummings*, 2015 Ark. App. 517. We noted that, with the benefit of technological advances, the failure to redact is particularly egregious because our records are available online and easily accessible by the public, potentially leading to the abuse of the parties' confidential information.

As in *Cummings*, we order rebriefing. The parties are directed to file redacted briefs in compliance with Administrative Order No. 19 within fifteen days from the date of this per curiam.